# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
VICTOR DIAZ, )
　　　　　　　　　　　　　　　　　 )
　　　　　　　　Petitioner, )
　　　　　　　　　　　　　　　　　 )
　　　　　　v. 　　　　　　　　　　 )　　No. 13 C 784
　　　　　　　　　　　　　　　　　 )
NEDRA CHANDLER, Warden, )
Dixon Correctional Center, )
　　　　　　　　　　　　　　　　　 )
　　　　　　　　Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Victor Diaz's (Diaz) petition for writ of habeas corpus (Petition). For the reasons stated below, the Petition is dismissed.

## BACKGROUND

On June 17, 2002, in the Circuit Court of Cook County, Diaz pled guilty to murder and was sentenced to thirty-eight years of imprisonment. Diaz did not file a direct appeal relating to his conviction and sentence. On July 31, 2008, Diaz filed a motion for a corrected mittimus in the Circuit Court of Cook County, arguing that the trial court should have given him credit for certain prison time that he served in

1

Texas. On August 25, 2008, the trial court denied the motion. Diaz filed a notice of appeal, but the appeal was dismissed for lack of jurisdiction. On April 2, 2009, Diaz filed a motion for leave to file a complaint for mandamus relief in the Supreme Court of Illinois, again raising the issue of the time he served in prison in Texas. On May 28, 2009, the Illinois Supreme Court denied the motion. On January 31, 2013, Diaz filed the instant Petition in this court. Diaz alleges in his Petition that he was denied equal protection when the trial court failed to credit him with certain time served in prison in Texas, and that he received ineffective assistance of counsel based on his trial counsels' alleged representations that by pleading guilty, Diaz would receive "all time credit served on the Texas commitment." (Pet. 5). Respondent now moves to dismiss the Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

2

decision that was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The decision made by a state court is deemed to be contrary to

clearly established federal law "'if the state court applies a rule different from the

governing law set forth in [Supreme Court] cases, or if it decides a case differently

than [the Supreme Court has] done on a set of materially indistinguishable facts.'"

*Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S.

685, 694 (2002)).  The decision by a state court is deemed to involve an unreasonable

application of clearly established federal law "'if the state court correctly identifies

the governing legal principle from [Supreme Court] decisions but unreasonably

applies it to the facts of the particular case.'"  *Emerson*, 575 F.3d at 684 (quoting

*Bell*, 535 U.S. at 694).

## DISCUSSION

I.  Timeliness of Petition

Respondent argues that the instant Petition should be dismissed as untimely

based on the statute of limitations for filing a habeas petition.  Under 28 U.S.C. §

2244(d)(1)**:**

A 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court. The

limitation period shall run from the latest of– (A) the date on which the

judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review; (B) the date on which the impediment to

filing an application created by State action in violation of the Constitution or

laws of the United States is removed, if the applicant was prevented from

filing by such State action; (C) the date on which the constitutional right

asserted was initially recognized by the Supreme Court, if the right has been

newly recognized by the Supreme Court and made retroactively applicable to

cases on collateral review; or (D) the date on which the factual predicate of the

claim or claims presented could have been discovered through the exercise of

due diligence.

28 U.S.C. § 2244(d)(1). The Petition does not allege any state-created impediment to

filing the Petition, any newly recognized constitutional right, or any newly

discovered factual predicate of the claims presented. Thus, 28 U.S.C. §

2244(d)(1)(A) is the only provision relevant to the instant Petition.

As discussed above, Diaz pled guilty and was sentenced to thirty-eight years

of imprisonment on June 17, 2002. Under Illinois law, in order to file an appeal,

Diaz was required to file a motion to reconsider the sentence or a motion to withdraw

the plea and vacate the judgment within thirty days of that date. Ill. Sup. Ct. R. 604.

Diaz did not file any such motions. Therefore, Diaz's conviction became final on July 17, 2002, the date upon which Diaz's time for seeking direct review expired. *See, e.g., United States ex rel. Harper v. Montgomery*, 690 F.Supp.2d 708, 710 (N.D. Ill. 2010). Pursuant to 28 U.S.C. § 2244(d)(1)(A), Diaz had until July 17, 2003 to file a habeas petition in this court, absent tolling under 28 U.S.C. § 2244(d)(2). No tolling occurred pursuant to 28 U.S.C. §2244(d)(2) since Diaz did not file any application for state postconviction relief prior to July 17, 2003. *See DeJesus v. Acevedo*, 567 F.3d 941, 943 (stating that "[a] state proceeding that does not begin until the federal year has expired is irrelevant"); *see also, e.g., Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007). Thus, the deadline for Diaz to file a federal habeas petition was July 17, 2003.

Diaz argues that 28 U.S.C. § 2244(d)(1)(C) applies in this case. Specifically, Diaz contends that the statute of limitations began to run on March 21, 2012, when, according to Diaz, the Supreme Court recognized a new constitutional right in *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). However, those decisions did not announce a new rule of constitutional law. *See Hare v. United States*, 688 F.3d 878, 879-80 (7th Cir. 2012)(explicitly holding that neither *Frey* nor *Lafler* announced a new rule of constitutional law). Therefore, as stated above, the deadline for Diaz to file a federal habeas petition was July 17, 2003. Diaz's Petition was not filed until January 31, 2013, almost a decade after that date. Thus, the Petition is untimely.

II.  Equitable Tolling Doctrines

Although Diaz has not argued that the court should apply any equitable tolling

doctrines to the Petition, the court will consider whether equitable tolling might be

appropriate in this case.  If applicable, a tolling doctrine would "stop the statute of

limitations from running even if the accrual date ha[d] passed." *Cada v. Baxter*

*Healthcare Corp*., 920 F.2d 446, 450 (7th Cir. 1990).  The first potentially relevant

doctrine is the doctrine of equitable estoppel, which "comes into play" if the

respondent took "active steps to prevent" the petitioner from filing the Petition in

time, such as "by promising not to plead the statute of limitations."  *Id.* at 450-51

(citations omitted).  No such facts have been presented with respect to the Petition,

and therefore the doctrine of equitable estoppel does not apply.

The second potentially relevant doctrine is the doctrine of equitable tolling.

The Seventh Circuit has recognized that the equitable tolling doctrine may be applied

to habeas petitions that would otherwise be barred by 28 U.S.C. § 2244(d).  *See*

*Tucker v. Kingston* 538 F.3d 732, 734 (7th Cir. 2008).  However, equitable tolling is

an extraordinary remedy that is "rarely granted."  *Tucker*, 538 F.3d at 734; *see also*

*Simms v. Acevedo*, 2010 WL 572742, at *7 (7th Cir. 2010) (declining to apply

equitable tolling to habeas petition filed one day after statute of limitations expired

because petitioner "failed to act diligently in pursuing his federal rights" when

petitioner "waited nearly a year from the withdrawal of his previous state court

petition to begin his final attempts at state court review"). For Diaz to be entitled to equitable tolling, he must show "that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition, . . . [and that] he has diligently pursued his claim, despite the obstacle." *Id.* (citations omitted). Diaz has made no such showing. Therefore, Respondent's motion to dismiss is granted.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a habeas petition is denied strictly on procedural grounds, as in this case, a certificate of appealability should only be issued if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000). In the instant action, Diaz has not shown that a reasonable jurist could debate the untimeliness of the Petition. Therefore, should Diaz decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

## CONCLUSION

Based on the foregoing analysis, the Petition is dismissed, and the court declines to issue a certificate of appealability.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   July 24, 2013